UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Troy Cortez Demby,<br><br>　　　　　Plaintiff<br>　v.<br><br>High Desert State Prison<br><br>　　　　　Defendant | Case No. 2:22-cv-00650-JAD-VCF<br><br>**Order Dismissing<br>and Closing Case** |

　　　Plaintiff Troy Demby brings this civil-rights lawsuit to redress constitutional violations that he claims he suffered while incarcerated at High Desert State Prison. On July 13, 2022, this court ordered the plaintiff to either pay the $402 filing fee or file a complete application to proceed *in forma pauperis* by August 13, 2022.[1] When that deadline expired and Demby had not complied, this court sua sponte extended the deadline to September 22, 2022.[2] The extended deadline has expired, and Demby has not paid the fee, filed a complete application to proceed *in forma pauperis*, or otherwise responded to the court's orders.

　　　District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[3] A court may dismiss an action based on a party's failure to obey a court order or comply with local rules.[4] In determining whether to dismiss an action on this ground, the court must consider:

---

[1] ECF No. 5.

[2] ECF No. 6.

[3] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

[4] *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[5]

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal of the plaintiff's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.[6] The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the court's need to consider dismissal.[7] Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives."[8] Because this court cannot operate without collecting reasonable fees, and litigation cannot progress without a plaintiff's compliance with court orders, the only alternative is to enter a third order setting another deadline. But issuing a third order will only delay the inevitable and further squander the court's finite resources.

---

[5] *In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

[6] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[7] *Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" i.e., like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*).

[8] *Henderson*, 779 F.2d at 1424.

Setting another deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal.

Having thoroughly weighed these dismissal factors, I find that they weigh in favor of dismissal. IT IS THEREFORE ORDERED that **THIS ACTION IS DISMISSED** without prejudice based on the plaintiff's failure to pay the filing fee or seek to proceed *in forma pauperis* in compliance with the court's order. The Clerk of Court is directed to **ENTER JUDGMENT** accordingly and **CLOSE THIS CASE**. If plaintiff Troy Demby wishes to pursue his claims, he must file a complaint in a <u>new</u> case, and he must pay the fee for that action or file a complete application to proceed *in forma pauperis*.

Dated: October 4, 2022

_____
U.S. District Judge Jennifer A. Dorsey